**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE T. POSTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRANSWORLD SYSTEMS, INC.,<br><br>　　　　　Defendant. | Case No. 3:20-cv-08477<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes JESSE T. POSTON ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of TRANSWORLD SYSTEMS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the Northern District of California.

**PARTIES**

4. Plaintiff is a consumer over 18 years of age.

5. Defendant is a third party debt collector holding itself out as "more than just a debt collection agency."[1] Defendant is a corporation organized under the laws of the state of California with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania. Defendant regularly collects upon consumers located throughout the United States.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of the nature of Defendant's attempts to collect on a consumer debt ("subject consumer debt") said to be owed by Plaintiff.

8. The subject consumer debt stems from Plaintiff's purported overdrawn checking account with MidSouth Community Federal Credit Union ("MidSouth") in the approximate amount of $499.26.

9. Subsequently, after Plaintiff's purported default, the subject consumer debt was placed with Defendant by MidSouth for collection purposes.

---

[1] https://tsico.com/

10. In approximately the beginning of 2020, Plaintiff began receiving calls from Defendant to his cellular phone, (478) XXX-3013, in order to collect upon the subject consumer debt.

11. Defendant has primarily used the phone number (855) 245-7098 when placing calls to Plaintiff's cellular phones. Upon belief, Defendant has used additional phone numbers as well.

12. In approximately March 2020, the parties came to an agreement that Plaintiff would make a payment in the approximate amount of $98.00 in connection with the subject debt.

13. In connection with that payment, Plaintiff was charged a processing/collection fee.

14. Feeling upset and frustrated by the nature of the processing/collection fee, Plaintiff rebuffed Defendant's further efforts to collect the subject consumer debt, further demanding that Defendant cease calling his cellular phone regarding the subject consumer debt.

15. Despite Plaintiff's demands that Defendant cease contacting his cellular phone, Defendant nevertheless continued contacting Plaintiff's cellular phone seeking collection of the subject consumer debt.

16. Defendant has routinely contacted Plaintiff's cellular phone multiple times on the same day, despite his demands that the phone calls cease.

17. Plaintiff has received dozens of phone calls from Defendant since demanding that it stop contacting him, including multiple calls per day and calls on a persistent and daily basis.

18. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding his rights, resulting in the loss of time and expenditure of resources.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular

phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and alleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA§§ 1692d**

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated §§ 1692d and d(5) through its communication efforts directed towards Plaintiff. By contacting Plaintiff repeatedly, especially after Plaintiff demanded that the phone calls stop, Defendant engaged in conduct which had the natural consequence of harassing, oppressing, and abusing Plaintiff. Defendant placed these calls intending to harass Plaintiff into submission, rather than in a legitimate attempt to reach a debtor for payment. Defendant had more than enough information to know that its phone call campaign was harassing and abusive to Plaintiff, yet

continued in its efforts to harass Plaintiff into succumbing to its collection efforts, in violation of the FDCPA.

### b. Violations of FDCPA § 1692f

28. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendant violated §1692f when it placed repeated calls to Plaintiff. It was unfair for Defendant to, in violation of the FDCPA, place multiple calls to Plaintiff with the intent that would place undue pressure on Plaintiff to engage with Defendant. Defendant's unconscionable behavior is further demonstrated by the fact that Defendant's calls to Plaintiff came after Plaintiff had demanded that Defendant stop contacting him. Rather than deal with Plaintiff and his revocation of consent to be called, Defendant then went about harassing and abusing Plaintiff in an unfair and unconscionable attempt to reach Plaintiff.

WHEREFORE, Plaintiff JESSE T. POSTON respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 1, 2020                     Respectfully submitted,

                                            s/ Alejandro E. Figueroa
                                            Alejandro E. Figueroa, Esq.
                                            California Bar No. 332132

5

Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*